IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANE CHESHER, JOANNE M. KING, ANDREW NOSBISCH, JULIA L. WILNER, THOMAS KOERBEL, CAROL WALSH, DALLAS CHRESTLER, DEBRA SPIRKO, JEFFREY SIMONETTI, KAREN M. DEPKON, TRACY MACALLISTER, STACY POOLE, CANDIS SINES-WESTERBERG, JASON THORNTON, and BRIANNA GABRIEL,<br><br>    Plaintiffs,<br><br>  v.<br><br>ALLEGHENY COUNTY, RICH FITZGERALD, LAURA ZASPEL, JAMIE REGAN, CHRISTOPHER CAVENDISH, NICHOLE NAGLE, ELLEN BUANNIC, WILLIAM MCKAIN, STEPHEN PILARSKI, PATRICK DOWD, and DOES 1-50,<br><br>    Defendants. | 2:22-cv-1822<br><br>Judge Marilyn J. Horan |

**MEMORANDUM OPINION**

Pro se Plaintiffs, Shane Chesher, Joanne King, Andrew Nobisch, Julia Wilner, Thomas Koerbel, Carol Walsh, Dalls Chrestler, Debra Spirko, Jeffrey Simonetti, Karen Depkon, Trac MacAllister, Stacy Poole, Candis Sines-Westerberg, Jason Thornton, and Brianna Gabriel, filed the present lawsuit against Defendants, Allegheny County, Rich Fitzgerald, Laura Zaspel, Jamie Regan, Christopher Cavendish, Nichole Nagle, Ellen Buannic, William McKain, Stephen Pilarski, Patrick Down, and John/Jane Does 1-50. Plaintiffs' Second Amended Complaint alleges various constitutional and state law violations, as well as a statutory claim under Title VII of the

Civil Rights Act of 1964, related to the County's COVID-19 vaccination policy ("the Policy").[1] (ECF No. 15). Defendants moved to dismiss Plaintiffs' Second Amended Complaint pursuant to Fed. R. Civ P. 12(b)(6) and moved to sever Plaintiffs and their claims pursuant to Fed.R.Civ. P. 21. r. (ECF Nos. 16 & 17). Upon consideration of Plaintiffs' Second Amended Complaint (ECF No. 15), Defendants' Motion to Dismiss (ECF No. 16), Motion to Sever (ECF No. 17), the respective briefs (ECF Nos. 18, 19, 22, 23, & 26), and for the reasons below, Defendants' Motion to Sever Parties and Claims will be granted, and the Motion to Dismiss will be denied as moot.

I.     **Statement of Facts**

On September 29, 2021, Allegheny County announced that it was implementing a COVID-19 vaccine mandate for all County employees in the executive branch of government. (ECF No. 15, at 5). Per the Policy, "all Allegheny County employees under the Executive branch must have received their second dose of a two-dose COVID-19 vaccine or a one-dose vaccine" on or before December 1, 2021. (ECF No. 16-3, at 1). The Policy allowed for exceptions "as required by law" and specified that "employees who fail to submit proof of completed vaccination by December 1, 2021 (without approved accommodation) will be subject to termination of employment." *Id.*

Allegheny County employed each named Plaintiff in various positions and departments throughout the County. (ECF No. 15, at 5). The eight different departments employing Plaintiffs

---

[1] The Second Amended Complaint withdrew Counts V, VI, VII, and IX. The remaining claims included in the Complaint are Count I: Lability under the Free Exercise Clause, Count II: Violation of Fourteenth Amendment – Equal Protection Clause, Count III: Violation of Fourteenth Amendment – Deprivation of Due Process, Count IV: Violation of Fourteenth Amendment – Substantive Due Process, Count VIII: Unfair Practice Charge, Count X: Negligent Infliction of Emotional Distress, Count XI: Violation of Title VII of the Civil Rights Act of 1964, and Count XII: Violation of the Separation of Powers Doctrine & Void *ab initio*.

included the Parks Department, Department of Public Works, Department of Court Records, Department of Human Resources, Health Department, Department of Human Services, Department of Facility Management, and the Kane Ross Nursing Facility. (*See* ECF 5-2). After the Policy was implemented, each Plaintiff submitted a religious and/or medical exemption request. (ECF No. 15, at 6). The County denied every Plaintiffs' exemption request citing "undue hardship." *Id.* Plaintiffs challenged the County's exemption denials through various administrative processes through their departments and respective collective bargaining agreements. *Id.*; (ECF No. 5-2). By December 1, 2021, none of the Plaintiffs had received their COVID-19 vaccinations under the Policy. (ECF. No. 5-2). As a result, each of the Plaintiffs were terminated from their positions in their respective departments at different times and through different procedures. (ECF No. 5-2).

## II.   Discussion

Defendants argue that the parties and claims should be severed because Plaintiffs' Second Amended Complaint improperly joined the individual plaintiffs and their claims, and even if joinder is found to be proper, the claims, and parties should be severed to avoid prejudice to Defendants and jury confusion. (ECF No. 17, at 3-4). Plaintiffs argue that they properly joined all parties and claims, and that severance is not proper because the Defendants responded to all the Plaintiffs' exemption requests in the same way; therefore, their claims are properly joined. (ECF No. 22, at 1-3).

Federal Rules of Civil Procedure 20 and 21 govern the severance of parties and claims. Under Fed.R.Civ.P 20(a)(1), "[p]ersons may join in one action as plaintiffs if[] they assert any right to relief jointly severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or

3

fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 21 states, "misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately." District courts have broad discretion on whether to grant severance under Rule 21 of the Federal Rules of Civil Procedure. *U.S. v. Donsky*, 825 F.2d 746, 754 (3d. Cir. 1987); *See also Sussman v. Sec'y, Florida Dept. of Corr.*, 2022 WL 53608, at *1 (11th Cir. Jan 6, 2022).

Typically, courts analyze the requirements for permissive joinder to determine whether severance is appropriate, as well as other factors, such as whether severance would promote settlement, avoid prejudice to or unduly burden a party, promote judicial economy, avoid jury confusion, or avoid inconvenience of parties or witnesses. *Parchman v. SLM Corp.*, 733-34 (6th Cir. 2018). Rule 21's language allows for a district court to "sever any claim against a party." Fed.R.Civ.P.21. Therefore, even though the rule is titled "Misjoinder and Nonjoinder of Parties," severance "is not confined to misjoinder of parties." *Dantzler-Hoggard v. Graystone Acad, Charter Sch.*, No. 12-0536, 2012 WL 2054779, at *10 (E.D. Pa. June 6, 2012) (quoting *Spencer, White & Prentis Inc. of Conn. V. Pfizer Inc.*, 498 F.2d 358, 361 (2d Cir. 1974). Even when parties are properly joined, a court may sever claims to further convenience or to avoid prejudice to other parties or jury confusion. Fed.R.Civ.P. 20(b), 42(b); *See also Sporia v. Pennsylvania Greyhound Lines*, 143F.2d 105 (3d. Cir. 1944).

Here, the Court acknowledges that the Plaintiffs aver similar legal claims against the Defendants, but the factual circumstances of each individual Plaintiff significantly differ from one another and require independent inquiries to properly evaluate their claims. First, Plaintiffs all submitted different religious or medical exemption requests based on their individualized

beliefs or medical conditions. Each medical accommodation request is distinct and requires individual proof. Additionally, each Plaintiff has different religious beliefs requiring different accommodations which require individual inquiry to properly evaluate the claims. Plaintiffs' claims therefore do not relate to a common question of fact and joinder was improper under Rule 20.

The individuality of each Plaintiff's factual circumstances is particularly relevant to the Title VII of the Civil Rights Act of 1964 religious discrimination claims.[2] The allegations of each Plaintiff includes separate and distinct religious beliefs. Assessing each of these requires separate inquiries into the sincerity of any alleged religious belief, the nature of each individual Plaintiffs' job, and the reasonableness of any accommodation requested.

Next, Plaintiffs are all employed in various jobs within Allegheny County and are members of various organized labor associations that operate under different collective bargaining agreements. (ECF No. 15, at 6); (ECF No. 5-2). Plaintiffs have jobs in eight different departments within Allegheny County. As a result, individual Plaintiffs experienced uncommon interactive processes and individuals when discussing possible religious and/or medical based on their departments. As a result, some Plaintiffs allege varying termination proceedings including union arbitrations, pre-termination hearings, and post-termination hearings. Further, some Plaintiffs aver multiple meetings with different County representatives at different dates and times. Some Plaintiffs were terminated promptly on December 2, 2022, while others were

---

[2] To establish a prima facie Title VII religious discrimination claim, "the employee must show (1) she holds a sincere religious belief that conflicts with a job requirement; (2) she informed her employer of the conflict; and (3) she was disciplined for failing to comply with the conflicting requirement." *Webb v. City of Phila.*, 562 F.3d 256, 259 (3d Cir. 2009) (citing Shelton v. Univ. of Med. & Dentistry of N.J., 223 F.3d 220, 224 (3d Cir. 2000)). If a plaintiff establishes a prima facie claim, "the burden shifts to the employer to show either it made a good-faith effort to reasonably accommodate the religious belief, or such an accommodation would work an undue hardship upon the employer and its business." *Id.*

terminated at later dates. (ECF No. 5-2). Properly assessing whether each Plaintiffs' due process rights were violated depends on their individual circumstances. The foregoing variance in procedures makes assessing Plaintiffs' collective procedural due process claims difficult in the aggregate.

The different factual circumstances of each individual Plaintiff result in uncommon questions of fact as they relate to the legal claims brought. Addressing the same in the same case would likely confuse the jury, impede judicial efficiency, and hinder discovery. Further, the Plaintiffs will not be prejudiced by severance because they can each file their own independent cases that will allow for the Court to better explore their claims. As such, joinder is improper under Rule 20 of the Federal Rules of Civil Procedure. Accordingly, Defendants' Motion to Sever will be granted. Because the parties and claims will be severed and the parties will be directed to file either amended complaints or separate cases, the Court need not address the merits of Defendants' Motion to Dismiss. Accordingly, Defendants' Motion to Dismiss will be denied as moot.

### III. Conclusion

For the reasons stated above, Defendant's Motion to Sever Parties and Claims will be granted. The parties will be severed. Considering this severance, Plaintiffs are directed to each individually refile their own Complaint. The lead Plaintiff, Shane Chesher, is granted leave, at the above case number, to file an Amended Complaint, which addresses only his claims. A separate Order to follow.

Dated:_9/25/2023___

BY THE COURT:

_____
Marilyn J. Horan
United States District Court Judge
